V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
Carmen D. Sabater  (SBN: 303546)
cds820@gmail.com
Evan Chavez (SBN 336962) – Of Counsel
echavez@bohmlaw.com
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone:  310.693.5561
Facsimile:   323.544.6880

Attorneys for PLAINTIFF,
CHAD LODER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD LODER,<br><br>          PLAINTIFF,<br><br>     v.<br><br>COUNTY OF LOS ANGELES; SHERIFF ALEX VILLANUEVA, in his individual and official capacity; and DOES 1-10 inclusive,<br><br>          DEFENDANTS. | Case No: 2:21-cv-8015<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1.  **First and Fourth Amendment Violation (42 U.S.C. 1983)**<br>2.   **Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**<br>3.  **Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**<br>4.  **Violation of Bane Civil Rights Act (Civil Code § 52.1)**<br>5.  **Assault and Battery**<br>6.  **Negligence**<br>7.  **Intentional Infliction of Emotional Distress**<br>8.  **Negligent Infliction of Emotional Distress**<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Loder v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-cv-8015                                        Carmen D. Sabater, Esq.
                                                             Evan Chavez, Esq.

PLAINTIFF, CHAD LODER (hereinafter "PLAINTIFF" or "Mr. LODER"), for his complaint against DEFENDANTS COUNTY OF LOS ANGELES (hereinafter "COUNTY OF LOS ANGELES" or "COUNTY"), Sheriff ALEX VILLANUEVA (hereinafter "VILLANUEVA"), and DOES 1-10 (hereinafter collectively DEFENDANTS), inclusive, alleges as follows:

## NATURE OF ACTION

1.      This civil rights action seeks compensatory damages against DEFENDANTS and punitive damages only from DEFENDANTS VILLANUEVA and DOES 1-10 for violating various rights under the United States Constitution and state law in connection with deputies' unjustified assault, arrest and use of excessive force of CHAD LODER by DEFENDANT DOES 1-10 of the Los Angeles Sheriff's Department (hereinafter "LASD").

2.      This action arises out of protests across the United States and other nations following the murder of George Floyd by officers with the Minneapolis Police Department.  After the deaths of Breonna Taylor and Ahmaud Arbery and others, hundreds of thousands of people around the country and globe simultaneously expressed the collective condemnation for the deaths of Black, Indigenous and People of Color (hereinafter "BIPOC") men and women at the hands of law enforcement and vigilantes condoned by local law enforcement and their support for the Black Lives Matter movement.  Large demonstrations occurred in the Los Angeles area, and the vast majority of the participants were peaceful, principled individuals exercising their First Amendment Right to assemble to seek redress for grievances. Over the course of approximately a week, the Los Angeles Police Department and Los Angeles Sheriff's Department arrested more than 2600 individuals engaged in peaceful protest, recklessly shot directly at unarmed and peaceful citizens with less lethal rubber bullets, tear gas bombs, and pepper spray projectiles, unlawfully detained individuals, harassed individuals after peacefully protesting, thereby using excessive and unreasonable force causing injury and harm to law abiding protestors.

3.      Peaceful protests continued through 2020, and the community expressed concern over the rash of Los Angeles County Sheriff Shooting deaths, constituting excessive and unreasonable death, including the shooting of Dijon Kizee, as protesters gathered outside the

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Loder v. County of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:21-cv-8015                                                      Carmen D. Sabater, Esq.
                                                                           Evan Chavez, Esq.

1  South Los Angeles sheriff's station for several days and the Sheriffs unreasonably shot projectiles

2  and arrested individuals without probably cause, including CHAD LODER.

3      4.    The COUNTY OF LOS ANGELES has been repeatedly sued for the tactics the

4  LASD engaged in over the course of the above-mentioned arrests.  The LASD used excessive

5  force with reckless operation of sheriff's armament including, but not limited to, tear gas bombs,

6  rubber bullets, and other less-lethal projectiles and neglected to provide care for injured citizens.

7  By violently and with reckless disregard for the safety of citizens firing projectiles and tear gas

8  bombs into a crowd of unarmed and peaceful protestors, including PLAINTIFF, DEFENDANTS

9  violated Mr. LODER's rights under the United States and California Constitution.

10      5.    DEFENDANTS DOES 1-10 are directly liable for PLAINTIFF's injuries under

11  state law pursuant to California Government Code § 820.

12      6.    DEFENDANTS, COUNTY OF LOS ANGELES, VILLANUEVA, and DOES 1-

13  10 also proximately caused Mr. LODER's injuries and are liable under state law pursuant to

14  California Government code §§ 815.2 and 820.

15      7.    DEFENDANTS DOES 1-10 ("DOE DEPUTIES") are directly liable for

16  PLAINTIFF's injuries under federal law pursuant to 42 U.S.C. § 1983.

17      8.    DEFENDANTS, COUNTY, and DOES 1-10 also proximately caused

18  PLAINTIFF's injuries and are liable under state and federal law and under principles set forth in

19  *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

20      9.    DEFENDANT COUNTY OF LOS ANGELES ("COUNTY") by summarily

21  rejecting Mr. LODER's Claim for Damages, have proven unwilling to accept responsibility for

22  the wrong committed by their deputies. The COUNTY continues to violate citizens' rights by

23  ignoring the allegations and preventing these incidents from happening.

24      10.    The policies and customs behind assaulting peacefully protesting civilians such as

25  CHAD LODER are fundamentally unconstitutional and constitute a menace of major proportions

26  to the public.  Accordingly, insofar as CHAD LODER herein seeks by means of this action to

27  hold accountable those responsible for the unjustified assault, use of force, and failure to provide

28  proper emergency care of CHAD LODER.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Loder v. County of Los Angeles, et al.*          V. James DeSimone, Esq.
Case No.: 2:21-cv-8015                Carmen D. Sabater, Esq.
                                            Evan Chavez, Esq.

1

**PARTIES AND THEIR AGENTS**

2      11.      PLAINTIFF CHAD LODER is a forty-five-year-old man, and at all times

3  mentioned in this Complaint was a resident of the County of Los Angeles, California.

4      12.      PLAINTIFF is informed and believes DOES 1-10 are individuals living in the

5  County of Los Angeles, California.  At all relevant times, DOES 1-10 were public employees and

6  agents of DEFENDANT COUNTY OF LOS ANGELES and were acting within the course and

7  scope of their respective duties as sheriff's deputies and with complete authority and ratification

8  of their principal DEFENDANT COUNTY OF LOS ANGELES.

9      13.      At all relevant times, DEFENDANTS DOES 1-10 were duly appointed deputies

10  and/or employees or agents of the COUNTY OF LOS ANGELES subject to oversight and

11  supervision by COUNTY OF LOS ANGELES' elected and non-elected officials.

12      14.      PLAINTIFF is informed and believes, and thereon alleges, that DOES 1-10 were

13  agents, servants, and employees of DEFENDANT COUNTY OF LOS ANGELES and/or the

14  LASD.  PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS sued herein

15  as DOES 1-10, inclusive, and therefore sue these DEFENDANTS by such fictitious names.

16  PLAINTIFF will amend this Complaint to allege their true names and capacities when

17  ascertained. As such, the individual DOE DEFENDANTS are sued in both their individual and

18  official capacities.

19      15.      In doing the acts and failing and omitting to act as hereinafter described,

20  DEFENDANTS DOES 1-10 were acting on the implied and actual permission and consent of

21  COUNTY OF LOS ANGELES and VILLANUEVA.

22      16.      DEFENDANT COUNTY OF LOS ANGELES is a municipal corporation duly

23  organized and existing under the Constitution and laws of the State of California. LASD is a local

24  government entity and an agency of COUNTY OF LOS ANGELES, and all actions of the LASD

25  are the legal responsibility of the COUNTY OF LOS ANGELES. The COUNTY OF LOS

26  ANGELES is sued in its own right on the basis of its policies, customs, and practices that gave

27  rise to PLAINTIFF's federal rights claims.

28      17.      DEFENDANT ALEX VILLANUEVA is, and was, at all times relevant to this

4

1  action, the LASD sheriff and a policymaker for his department.  He is sued in both his individual

2  and official capacities.

3  18.    All DEFENDANTS who are natural persons, including DOES 1-10, are sued

4  individually and/or in his/her official capacity as deputies, sergeants, captains, commanders,

5  supervisors, and/or civilian employees, agents, policy makers, and representatives for the

6  COUNTY OF LOS ANGELES.

7  19.    DEFENDANTS are liable for PLAINTIFF's injuries under California law and

8  under the doctrine of *respondeat superior*.  Liability under California law for public entities and

9  public employees is based upon California Government Code §§ 815.2 and 820.

10  20.    At all times mentioned herein, each and every DEFENDANT was the agent of

11  each and every other DEFENDANT and had the legal duty to oversee and supervise the hiring,

12  conduct and employment of each and every DEFENDANT herein.

13  21.    On or around February 22, 2021, PLAINTIFF filed comprehensive and timely

14  claims for damages in accordance with Government Code §§ 910 and 911.2.

15  22.    PLAINTIFF's claim for damages submitted to COUNTY OF LOS ANGELES on

16  or around February 24, 2021, was rejected on or around April 12, 2021, by operation of law, thus

17  providing six (6) months from delivery to file a court action which is satisfied upon filing of the

18  present action.

19  23.    Finally, at all relevant times mentioned herein, all DEFENDANTS acted as

20  agents of all other DEFENDANTS in committing the acts alleged herein.

21  ## JURISDICTION AND VENUE

22  24.    This Court has subject matter jurisdiction over the PLAINTIFF's claims pursuant

23  to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction).  This Court

24  has jurisdiction to issue declaratory or injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202

25  and Federal Rule of Civil Procedure 57.

26  25.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391,

27  as all DEFENDANTS and the events giving rise to the claims herein occurred in the Central

28  District of California.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Loder v. County of Los Angeles, et al.*                     V. James DeSimone, Esq.
Case No.: 2:21-cv-8015                                       Carmen D. Sabater, Esq.
                                                             Evan Chavez, Esq.

1

## **FACTS COMMON TO ALL CAUSES OF ACTION**

2      26.      On or about September 7, 2020, Mr. LODER stood among approximately fifty

3  (50) to one hundred (100) people peacefully protesting at or around the LASD station on or near

4  1310 West Imperial Highway in Los Angeles, California.

5      27.      Mr. LODER and the other protestors remained non-violent and stayed behind a

6  barrier erected by the LASD. At approximately 10:00 PM, without any orders to disperse,

7  warnings, or commands, LASD DEPUTY DOES brutally unloaded a barrage of pepper balls,

8  rubber bullets, and "Stinger" flash bang grenades at the crowd of peaceful protestors. At no time

9  was the gathering declared unlawful. Mr. LODER was at the front of the protest line unarmed and

10  did not pose any threats while exercising his constitutional rights when the shooting started, so he

11  attempted to back away. However, DEPUTY DOES struck Mr. LODER several times in the

12  groin, legs, and abdominal area.

13      28.      DEPUTY DOES pointed their weapons and maliciously and fired at and hit Mr.

14  LODER at least twelve (12) times with rubber bullets causing severe pain and bruising. Despite

15  debilitating injuries and in fear for his safety, Mr. LODER continued to attempt to retreat by

16  moving north on Normandie Avenue towards his car. During his retreat, DEPUTY DOES

17  continued to fire on the crowd and Mr. LODER.

18      29.      When Mr. LODER arrived home, he suffered severe pain including, but not

19  limited to, welts and bruises covering his body. The following day, on or around September 8,

20  2020, Mr. LODER observed discoloration of his urine, including, but not limited to, a dark brown

21  hue despite being fully hydrated.

22      30.      On or about September 9, 2020, at approximately 5:00 PM, although Mr. LODER

23  was still in pain from the wounds he suffered from the shots fired by DEFENDANT DEPUTY

24  DOES on or around September 7, 2020, he and other volunteers engaged in a cleanup effort on

25  the sidewalk at or near 1310 West Imperial Highway, in Los Angeles, California. Without

26  warning or issuing any commands, DEPUTY DOES aggressively rushed Mr. LODER and the

27  volunteers from behind. Mr. LODER was abruptly grabbed from behind by a DEPUTY DOE who

28  never identified himself as a law enforcement officer, and violently pinned his arms behind his

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Loder v. County of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:21-cv-8015                                              Carmen D. Sabater, Esq.
                                                                          Evan Chavez, Esq.

1   back, while saying "Don't move."

2       31.     Mr. LODER was confused, frightened, and in severe pain from being rushed from

3   behind while  already experiencing pain from the multiple shots to his groin, legs, and abdominal

4   region on or around September 7, 2020. LASD DEPUTY DOES aggressively and violently

5   handcuffed Mr. LODER and other volunteers, searched their bags without consent, took photos

6   of their faces using the DEPUTY DOES' mobile phones despite clear statements of non-consent,

7   and copied Mr. LODER and other volunteers' ID's. Moreover, despite Mr. LODER repeatedly

8   asking the DEPUTIES what crime he committed, DEPUTY DOES never responded and

9   ultimately informed Mr. LODER he was free to go.

10      32.     On or about September 9, 2020, at approximately 6:30 PM, Mr. LODER was

11  driving south on Normandie away from the area with two of the other volunteers when a large

12  team of LASD Deputies in multiple SUV's pulled over Mr. LODER. Without explanation or

13  charge, DEFENDANT DEPUTY DOES placed Mr. LODER in the back of one patrol car while

14  his two female passengers sat in the back of another patrol car. DEPUTIES then searched the

15  trunk and interior of Mr. LODER's vehicle without his consent and confiscated his personal

16  property including, but not limited to, a skate helmet, a new first-aid backpack with the tags still

17  on it, a brand-new belt holder for first-aid equipment, a harness for carrying a camera, cleaning

18  supplies for the neighborhood cleanup day, a motocross body protection vest, a respirator, six-to-

19  eight umbrellas, two soft plastic shields, a $150 search and rescue flashlight, and a bag of

20  approximately 20 brand new ear-loop cloth masks (color white) for COVID protection. Even

21  though none of these items are illegal, LASD has yet to return these items to Mr. LODER.

22      33.     Mr. LODER sat in the patrol car for approximately 30 minutes while the

23  DEPUTIES stood around talking on their police radios and mobile phones as they searched and

24  re-searched his car and failed to inform Mr. LODER of the reason for his detainment. Although

25  Deputies had no probable cause to arrest Mr. LODER, a Deputy handcuffed Mr. LODER's hands

26  behind his back and told him he was being placed under arrest.

27      34.     DEPUTY DOES further traumatized Mr. LODER as during the ride to the sheriff's

28  station, they did not place a seat belt on Mr. LODER and intentionally drove the vehicle fast,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Loder v. County of Los Angeles, et al.*                                                V. James DeSimone, Esq.
Case No.: 2:21-cv-8015                                                                  Carmen D. Sabater, Esq.
                                                                                        Evan Chavez, Esq.

1   whipping it around tight turns, causing Mr. LODER's body to violently fly around the back seat

2   injuring parts of his body as he slammed into and throughout the interior of the vehicle. DEPUTY

3   DOES ignored Mr. LODER's pleas for help as he repeatedly protested that he was not wearing a

4   seat belt and that they were hurting him, causing Mr. LODER to suffer great pain.

5          35.     LASD Deputies were in direct violation of the LASD Manual of Policy and

6   Procedures, section 503/165.03 which states: "All prisoners shall wear factory installed, or

7   Department authorized and installed, safety belts when being transported in a County vehicle."

8          36.     Mr. LODER was taken to the Los Angeles County Sheriff's South LA Station and

9   booked at approximately 7:00 PM. He was not given any food until 7:00 AM the next day,

10   approximately twelve (12) hours without providing nutrition. Further, LASD Deputies placed Mr.

11   LODER in restraints and placed him under arrest without tending to his pain and injuries. As

12   such, Mr. LODER did not even receive minimal essential medical care. While detained, Mr.

13   LODER noticed his urine was now mixed with blood.

14          37.     Although the charges were without merit, he received a $5,000.00 bail. When a

15   DEPUTY DOE processed Mr. LODER, he told the PLAINTIFF that the District Attorney would

16   not actually bring the charges against Mr. LODER. Mr. LODER took the statements as an

17   admission that the DEFENDANTS were knowingly conducting false arrests of protesters, such

18   as Mr. LODER, to interfere with their civil rights. While Mr. LODER was in jail,

19   DDEFENDANTS told him at different times that if he did not want to be arrested, he should not

20   have peacefully protested in the LASD neighborhood and stayed in his own neighborhood despite

21   his ability to exercise civil and constitutional rights. Even though he was not protesting when he

22   was arrested, DEFENDANTS arrested Mr. LODER merely for daring to lawfully exercise his

23   First Amendment rights. LASD Deputies used threats, intimidation and coercion to deprive Mr.

24   LODER of his Constitutional rights and rights under California's Civil Code. Mr. LODER posted

25   bail and was released at approximately 3:00 PM on or about September 10, 2020.

26          38.     After Mr. LODER returned home from jail, he went to the Little Company of Mary

27   Hospital Emergency Room. Concerned about the bruising and the blood in his urine from the

28   night before, they performed a CT scan and blood tests. Medical professionals informed Mr.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Loder v. County of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:21-cv-8015                                                      Carmen D. Sabater, Esq.
                                                                           Evan Chavez, Esq.

1  LODER that he had a likely bruise to his spleen and/or kidney on the left side of his body. Mr.

2  LODER remained in a great deal of pain and discomfort from the brutal and unnecessary force

3  LASD inflicted upon him.

4       39.    Here, LASD Deputies acted in the course and scope of employment with

5  COUNTY when they assaulted, battered, unnecessarily detained, illegally searched Mr.

6  LODER's person and property and ultimately arrested Mr. LODER and other peaceful protestors

7  in order to intimidate and coerce them in violation of their First Amendment Right to free speech

8  and assembly as well as their 4th Amendment protections of unreasonable seizures of persons and

9  property. LASD has a pattern and practice of condoning their Deputies' unnecessary police use

10 of excessive physical force as well as other forms of excessive force. Mr. LODER's injuries reveal

11 the severity of LASD's brutal attack. Mr. LODER suffered physical injuries including, but not

12 limited internal injuries to his spleen or kidney. The LASD's treatment of Mr. LODER has caused

13 him trauma, physical pain, mental harm, economic damages, and emotional distress.

14      40.    As a result of the incident, Mr. LODER suffered from physical and internal

15 injuries, including, but not limited to, welts, bruises, internal injuries to his spleen and/or kidneys,

16 severe pain, and distress. To date, Mr. LODER still experiences persistent complications and pain

17 from his injuries. The impact from the LASD DEPUTY DOES shots to his groin, legs, and

18 abdominal region and the injuries from the violent and erratic driving, aggressive and violent

19 handcuffing, and lack of medical care or nutrition during his arrest and detainment has caused

20 him severe wounds, blood in his urine, and physical, psychological and emotional damage which

21 is ongoing.

22      41.    LASD DEFENDANT DEPUTIES' barbaric, reckless firing of rubber bullets at

23 Mr. LODER' groin, legs, and abdominal region and injuries from being thrashed about from

24 reckless driving and lack of medical care or nutrition during his arrest and detainment resulted in

25 life-long injuries to Mr. LODER that has required medical care and treatment.

26      42.    Mr. LODER's pain and suffering continues and may worsen as time passes despite

27 seeking further medical care, therapy and receiving medication. Mr. LODER will possibly need

28 further medical care and treatment in the future.  In addition, emotional harm including, but not

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Loder v. County of Los Angeles, et al.*                           V. James DeSimone, Esq.
Case No.:                                             Carmen D. Sabater, Esq.
                                                          Evan Chavez, Esq.

1   limited to, loss of sleep, anxiety, depression, bouts of crying, and fear plague Mr. LODER.

2       43.    The COUNTY OF LOS ANGELES, through SHERIFF VILLANUEVA and the

3   LASD, has failed to train its deputies in the constitutional response to peaceful demonstrations as

4   revealed by the above-described allegations.  DEFENDANTS have a custom of using excessive

5   force against peaceful protestors, shooting less lethal projectiles, ramming sheriff's vehicles into

6   people participating peacefully at lawful assemblies and applying policies and sanctioning actions

7   that cause severe injury and permanent damage, without warning or command, based on reckless

8   disregard for human life or specious group "suspicion."   The COUNTY OF LOS ANGELES has

9   been aware of deficiencies in its training.  Yet the unlawful crowd control, excessive use of force,

10   *inter alia*, DEFENDANTS currently employ fail constitutional requirements.

11   **<u>FIRST CAUSE OF ACTION</u>**

12   **VIOLATOIN OF THE FIRST AND FOURTH AMENDMENT**

13   **TO THE U.S. CONSTITUTION**

14   **(42 U.S.C. § 1983)**

15   **(AGAINST ALL DEFENDANTS)**

16       44.    The allegations set forth in this complaint are hereby re-alleged and incorporated

17   by reference.

18       45.    This cause of action is asserted against DEFENDANTS COUNTY OF LOS

19   ANGELES, SHERIFF VILLANUEVA, and DOES 1-10.

20       46.    DEFENDANT's conduct, described above, violated PLAINTIFF's rights to

21   freedom of speech, assembly, and association under the First Amendment to the United States

22   Constitution and his right to be free from unreasonable force under the Fourth Amendment to the

23   United States Constitution. LASD Deputies firing of projectiles into a gathering of peaceful

24   protestors acted with unreasonable and excessive force under the totality of the circumstances.

25       47.    When Mr. LODER stood near 1310 West Imperial Highway in Los Angeles,

26   LASD deputies used violent and excessive force against Mr. LODER who had arrived to protest

27   peacefully and lawfully. While unprovoked, LASD deputies used excessive force when they

28   wantonly and deliberately fired projectiles that violently struck Mr. LODER's groin, legs, and

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Loder v. County of Los Angeles, et al.*                 V. James DeSimone, Esq.
Case No.: 2:21-cv-8015                         Carmen D. Sabater, Esq.
                                               Evan Chavez, Esq.

abdominal region causing welts, bruises and internal injuries to his spleen and/or kidney, when attempting to exercise his First Amendment Rights.

48.     When DEFENDANTS placed Mr. LODER in the back of a vehicle without a seat belt and drove recklessly causing Mr. LODER to be tossed around the interior of the rear of the vehicle, LASD deputies used excessive force, unreasonably assaulted him by handcuffing him without reason or provocation and physically confining Mr. Loder in painful positions for an unreasonable amount of time

49.     The DEFENDANTS employed the above-mentioned tactics without provocation or justification. On information and belief, the LASD deputies responsible for Mr. LODER's horrific injuries were not disciplined for the use of force on September 7, 2020, and September 9, 2020, against PLAINTIFF.

50.     DEFENDANT SHERIFF VILLANUEVA has failed to impose adequate discipline on their deputies, including the responsible DEFENDANT DEPUTY DOES, who committed these unlawful uses of excessive force with reckless disregard for human life and safety, creating a culture of impunity within the LASD that encourages such violence and incidents of unreasonable force against the public.

51.     As a result of the unprovoked, unjustified and unreasonable use of force against PLAINTIFF by DEFENDANT DEPUTY DOES, PLAINTIFF sustained injuries to his body including, but not limited to, welts, bruises, spleen and/or kidney bruising, and bloody urine. PLAINTIFF also suffered, and continues to suffer, from long lasting physical injuries and sickness, mental and emotional distress, including, but not limited to, internal organ damage, as well as pain, anguish, and psychological injury. PLAINTIFF has had to undergo multiple medical treatments with the likelihood of necessary future medical care as a result of DEFENDANT DEPUTY DOES violating PLAINTIFF's First Amendment rights.

///

///

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Loder v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-cv-8015                                       Carmen D. Sabater, Esq.
                                                            Evan Chavez, Esq.

**SECOND CAUSE OF ACTION**

**UNREASONABLE SEARCH AND SEIZURE – EXCESSIVE FORCE**

**(42 U.S.C. § 1983)**

**(AGAINST ALL DEFENDANTS)**

52.    The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

53.    DEFENDANT DEPUTY DOES' unreasonable use of force against PLAINTIFF, including, but not limited to, wantonly and deliberately firing projectiles on or around September 7, 2020, unprovoked that struck Mr. LODER's groin, legs, and abdominal region causing welts, bruises and internal injuries to his spleen and/or kidney, without any justification or prior warning or command, deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment, and further deprived PLAINTIFF of due process as guaranteed to him under the Fourteenth Amendment to the United States Constitution.

54.    On or around September 9, 2020, when DEFENDANTS placed Mr. LODER in the back of a vehicle without a seat belt and drove recklessly causing Mr. LODER to be tossed around the interior of the rear of the vehicle, LASD deputies used excessive force and deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment, and further deprived PLAINTIFF of due process as guaranteed to him under the Fourteenth Amendment to the United States Constitution.

55.    As a result of the unprovoked, unjustified and unreasonable use of force against PLAINTIFF by DEFENDANT DEPUTY DOES, PLAINTIFF sustained injuries to his groin, legs, and abdominal region causing welts, bruises and internal injuries to his spleen and/or kidney that caused him to have blood in his urine. Further, PLAINTIFF suffered, and continues to suffer from long lasting physical injuries and sickness, mental, and emotional distress, including, but

1  not limited to, internal organ damage, as well as pain, anguish, and psychological injury.

2  PLAINTIFF has had to undergo medical treatment with the likelihood of necessary future medical

3  care. PLAINTIFF has also been prescribed pain medication and antibiotics as a result of

4  DEFENDANT DEPUTY DOES unprovoked, unjustified, and unreasonable use of force against

5  PLAINTIFF.

6       56.    PLAINTIFF was not armed, had committed no crime, did not fail to follow any

7  warnings, commands, or orders, did nothing threatening, and posed no risk to DEFENDANT

8  DEPUTY DOES or any other person.

9       57.    Given the deputies' use of force against PLAINTIFF, DEFENDANT DEPUTY

10  DOES knew that failure to treat PLAINTIFF's medical condition could result in further

11  significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious

12  medical need, causing him great bodily harm and emotional distress.

13       58.    DEFENDANT DEPUTY DOES' actions thus deprived PLAINTIFF of his right

14  to be free from unreasonable seizures and under the Fourteenth Amendment as applied to state

15  actors by the Fourteenth Amendment.

16       59.    The conduct of DEFENDANT DEPUTY DOES was willful, wanton, malicious

17  and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants

18  the imposition of exemplary and punitive damages against DEFENDANT DEPUTY DOES.

19       60.    As a result of the aforementioned excessive and unreasonable force, PLAINTIFF

20  was caused to suffer severe mental anguish and pain and has been injured in mind and body.

21  PLAINTIFF is also claiming medical expenses.

22       61.    Accordingly, DEFENDANTS are each liable to PLAINTIFF for compensatory

23  damages and DEFENDANT DEPUTY DOES are liable for punitive damages, under 42 U.S.C. §

24  1983. PLAINTIFF also seeks reasonable attorney's fees under this claim.

25  ///

26  ///

27  ///

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Loder v. County of Los Angeles, et al.*          V. James DeSimone, Esq.
Case No.: 2:21-cv-8015          Carmen D. Sabater, Esq.
        Evan Chavez, Esq.

**THIRD CAUSE OF ACTION**

**MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY**

**(42 U.S.C. § 1983)**

**(AGAINST COUNTY AND VILLANUEVA)**

62.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

63.     DEFENDANT DEPUTY DOES' use of force against Mr. LODER on September 7, 2020 and September 9, 2020, who was unarmed, had committed no crime, and was peacefully protesting and/or cleaning debris, was found to be within COUNTY Sheriff's Department Policy.

64.     Eyewitness accounts, video footage, and/or media coverage display irrefutable evidence of the excessive force by DEFENDANTS when they recklessly fired projectiles at Mr. LODER and other peaceful protestors with wanton disregard on September 7, 2020. Eyewitness accounts and DEFENDANT recordings display irrefutable evidence of the excessive force by DEFENDANTS when they recklessly drove Mr. LODER in the rear of their vehicle further injuring him and arresting Mr. LODER under frivolous and dubious circumstances.

65.     On information and belief, DEFENDANT DEPUTY DOES were not disciplined for the use of force and reckless disregard for human life and safety on September 7, 2020, and September 9, 2020.

66.     DEFENDANT SHERIFF VILLANUEVA has failed to impose adequate discipline on his deputies, including DEFENDANT DEPUTY DOES, who committed unlawful uses of excessive force and reckless disregard for human life and safety, creating a culture of impunity within the LASD that encourages such violence and incidents of unreasonable force against the public.  SHERIFF VILLANUEVA's inadequate investigations and the failure to take appropriate corrective action that plagues the LASD and causes a pattern, policy, and practice of tolerating and encouraging the use of excessive force, proliferation of criminal gangs within the LA County Sheriff's Department, and reckless disregard for human life and safety.

67.     Based on witnesses' accounts, DEFENDANT DEPUTY DOES struck PLAINTIFF with projectiles firing wantonly and directly toward Mr. LODER while he

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Loder v. County of Los Angeles, et al.*
Case No.: 2:21-cv-8015

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Evan Chavez, Esq.

participated in a lawful and peaceful gathering.

68.     Based on witnesses' accounts, DEFENDANT DEPUTY DOES tossed PLAINTIFF around the rear of their vehicle when they drove recklessly without PLAINTIFF in seatbelts and subsequently failed to provide nutrition for approximately twelve (12) hours that they held PLAINTIFF in custody after arresting him.

69.     On or around September 7, 2020, and September 9, 2020, DEFENDANTS COUNTY OF LOS ANGELES, SHERIFF VILLANUEVA, DOE DEPUTIES and DOE SUPERVISORS, deprived PLAINTIFF of the rights and liberties secured to his by the First and Fourth Amendments of the United States Constitution, in that said DEFENDANTS and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of PLAINTIFF, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized COUNTY custom, policy, and practice of:

    a.  Employing and retaining as sheriff's deputies and other personnel, including DEFENDANT DEPUTY DOES, who DEFENDANTS COUNTY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority by using excessive force, and for mistreating citizens by failing to follow written COUNTY Sheriff's Department's policies, including the use of excessive force and reckless disregard for human life and safety;

    b.  Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY Sheriff's Deputies, and other COUNTY personnel, including DEFENDANT DEPUTY DOES, who DEFENDANTS COUNTY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits including the propensity for violence, reckless disregard for human life and safety, and the use of excessive force;

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Loder v. County of Los Angeles, et al.*                           V. James DeSimone, Esq.
Case No.: 2:21-cv-8015                                        Carmen D. Sabater, Esq.
                                                             Evan Chavez, Esq.

c. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DEFENDANT DEPUTY DOES, who are a COUNTY employees and sheriff's deputies;

d. By failing to adequately train deputies, including DEFENDANT DEPUTY DOES, and failing to institute appropriate policies, regarding constitutional procedures and practices for use of force and reckless disregard for human life and safety;

e. By failing to discipline COUNTY sheriff's deputies' conduct, including DEFENDANT DEPUTY DOES, for use of force and reckless disregard for human life and safety;

f. By ratifying the intentional misconduct of DEFENDANT DEPUTY DOES and other sheriff's deputies, who are sheriff's deputies of the COUNTY, and commit unlawful use of force with reckless disregard for human life and safety;

g. By failing to properly investigate claims of reckless disregard for human life and safety and excessive force by COUNTY sheriff's deputies, including DEFENDANT DEPUTY DOES;

h. By confiscating personal property during an arrest and failing to return the personal property without justification;

i. By purposefully driving in a reckless manner with unseat belted detainees and/or arrestees causing their bodies to slam about the vehicle resulting in injuries;

j. By having and maintaining an unconstitutional custom and practice of reckless disregard for human life and safety, using excessive force, failing to obtain medical care, depriving persons of life, liberty, and property so as to shock the conscience, which is also demonstrated by inadequate training regarding these subjects. The customs and practices of COUNTY, DOE DEPUTIES and DOE SUPERVISORS were done with a deliberate indifference to individuals' safety and rights; and

k. By reason of the aforementioned policies and practices of DEFENDANTS COUNTY, DEFENDANT SHERIFF VILLANUEVA and DEFENDANTS

1                  DOES, Mr. LODER was severely injured and subjected to physical pain and

2                  suffering, and extreme and severe emotional distress.

3         70.      The aforementioned customs and practices of COUNTY were implemented and/or

4 maintained with deliberate indifference to individuals' safety and rights.

5         71.      DEFENDANTS COUNTY, DEFENDANT SHERIFF VILLANUEVA and

6 DEFENDANTS DOES, together with various other officials, whether named or unnamed, had

7 either actual or constructive knowledge of the deficient policies, practices and customs alleged in

8 the paragraphs above. Despite having knowledge as stated above, these DEFENDANTS

9 condoned, tolerated and through actions and inactions thereby ratified such policies. Said

10 DEFENDANTs also acted with deliberate indifference to the foreseeable effects and

11 consequences of these policies with respect to the constitutional rights of PLAINTIFF, and other

12 individuals similarly situation.

13         72.      By perpetuating, sanctioning, tolerating and ratifying the outrageous conduct and

14 other wrongful acts, DEFENDANTS COUNTY, DEFENDANT SHERIFF VILLANUEVA and

15 DEFENDANT DOES acted with an intentional, reckless, and callous disregard toward Mr.

16 LODER, and of the constitutional as well as human rights of PLAINTIFF. DEFENDANTS

17 COUNTY, DEFENDANT SHERIFF VILLANUEVA and DEFENDANTS DOES and each of

18 their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and

19 unconscionable to any person of normal sensibilities.

20         73.      Furthermore, the policies, practices, and customs implemented and maintained and

21 still tolerated by DEFENDANTS COUNTY, DEFENDANT SHERIFF VILLANUEVA and

22 DEFENDANTS DOES were affirmatively linked to and were a significantly influential force

23 behind the injuries of PLAINTIFF.

24         74.      Accordingly, DEFENDANTS COUNTY, DEFENDANT SHERIFF

25 VILLANUEVA and DEFENDANTS DOES each are liable to PLAINTIFF for compensatory

26 damages under 42 U.S.C. § 1983.

27         75.      On information and belief, the aforementioned acts were willful, wanton,

28 malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Loder v. County of Los Angeles, et al.*             V. James DeSimone, Esq.
Case No.: 2:21-cv-8015                          Carmen D. Sabater, Esq.
                                                Evan Chavez, Esq.

1  to DEFENDANT SHERIFF VILLANUEVA and DEFENDANTS DOES.

2      76.    Accordingly, DEFENDANTS are each liable to PLAINTIFF for compensatory

3  damages and individual DEFENDANTS are liable for punitive damages, under 42 U.S.C. § 1983.

4  Plaintiff also seeks reasonable attorneys' fees under this claim.

5  **FOURTH CAUSE OF ACTION**

6  **VIOLATION OF BANE ACT (CIVIL CODE § 52.1)**

7  **(AGAINST ALL DEFENDANTS)**

8      77.    The allegations set forth in this complaint are hereby re-alleged and incorporated

9  by reference.

10      78.    This cause of action is asserted against DEFENDANTS COUNTY OF LOS

11  ANGELES, SHERIFF ALEX VILLANUEVA, and DOES 1-10.

12      79.    As alleged herein, DEFENDANTS DOES 1-10, SHERIFF ALEX

13  VILLANUEVA, and COUNTY OF LOS ANGELES interfered by threats, intimidation,

14  coercion, and/or violence with PLAINTIFF's rights under state and federal laws and under the

15  state and federal Constitution including, without limitation, the right to be free from excessive

16  force, the right to free speech, freedom of assembly and freedom to redress grievances, the right

17  to due process, and the right to bodily integrity and protection from bodily harm, including his

18  rights under Civil Code § 43, Penal Code §§ 149, 240, and 242, and his rights under the First

19  Amendment to the United States Constitution and  his rights under Article 1, Sections 1, 2, 3, 7

20  and/or 13 of the California Constitution.

21      80.    DEFENDANTS' conduct caused PLAINTIFF extreme physical injury with welts,

22  bruises, organ bruises to his spleen and or kidney, bloody urine, sickness and pain, mental

23  anguish, and emotional suffering and distress that required medical treatment and the possibility

24  of further surgeries and medical procedures.

25      81.    As a result of their conduct, DEFENDANTS are liable for Mr. LODER's' injuries,

26  either because they were integral participants in the misconduct, or because they failed to

27  intervene to prevent these violations, or under the doctrine of *respondeat superior*.

28      82.    As a direct and legal result of DEFENDANTS' acts and omissions, Mr. LODER

18

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Loder v. County of Los Angeles, et al.*                  V. James DeSimone, Esq.
Case No.: 2:21-cv-8015                             Carmen D. Sabater, Esq.
                                               Evan Chavez, Esq.

1  suffered damages, including, without limitation, pain and suffering, physical injuries and

2  sickness, emotional distress, psychological injury, medical expenses, attorneys' fees, and costs of

3  suit.

4       83.     PLAINTIFF is informed and believes, and thereon alleges, that the acts of the

5  individual DEFENDANTS were willful, malicious, intentional, oppressive, reckless and/or were

6  done with willful and conscious disregard of the rights, welfare, and safety of PLAINTIFF,

7  thereby justifying the awarding of punitive and exemplary damages against all non-government

8  entity defendants in an amount to be determined at time of trial.

9       84.     PLAINTIFF brings this claim seeking all damages allowed under state law.

10  PLAINTIFF also seeks reasonable attorneys' fees under this claim.

11  **FIFTH CAUSE OF ACTION**

12  **ASSAULT AND BATTERY (GOV. CODE § 820 and CALIFORNIA COMMON LAW)**

13  **(AGAINST ALL DEFENDANTS)**

14       85.     The allegations set forth in this complaint are hereby re-alleged and incorporated

15  by reference.

16       86.     DEFENDANTS DOES 1-10 while working as Sheriff's Deputies for the

17  COUNTY Sheriff's Department and acting within the course and scope of their duties,

18  wrongfully, unlawfully, intentionally, and violently assaulted and battered by recklessly firing

19  rubber bullets and other projectiles striking Mr. LODER to his groin, legs, and abdominal region

20  then placing him under arrest in the back of a vehicle without a seat belt causing him to be thrashed

21  about the rear as his body flew under the reckless driving to then be denied nutrition for

22  approximately twelve (12) hours in custody causing serious injuries including, but not limited to,

23  welts, bruises, internal organ bruising to his spleen and/or kidney, bloody urine and mental

24  anguish.

25       87.     DEFENDANTS DOES 1-10 had no legal justification for their actions, and

26  DEFENDANTS DOES 1-10's use of force against Mr. LODER when LASD deputies used

27  violent and excessive force against Mr. LODER who had arrived to protest peacefully and

28  lawfully on September 7, 2020, and to clean debris on September 9, 2020. LASD used excessive

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Loder v. County of Los Angeles, et al.*          V. James DeSimone, Esq.
Case No.: 2:21-cv-8015          Carmen D. Sabater, Esq.
          Evan Chavez, Esq.

force when unjustifiably, wantonly and deliberately firing projectiles, reckless drove with PLAINTIFF unsafe in the rear of their vehicle and failed to provide basic nutrition and medical attention during PLAINTIFF's unlawful arrest and detention while carrying out their duty as deputies and as COUNTY OF LOS ANGELES employees constituting an unreasonable use of force.

88.   DEFENDANTS DOES 1-10 also intentionally used unreasonable force against Mr. LODER, including, but not limited to, firing projectiles unprovoked that struck Mr. LODER's groin, legs, and abdominal region causing welts, bruises, internal organ bruising to his spleen and/or kidney, bloody urine, thereby suffering multiple immediate and long-lasting physical injuries including, but not limited to, organ scaring and painful and bloody urination as well as mental and emotional distress when he posed no threat to the deputies or anyone else. DEFENDANTS failed to provide medical or emergency care for PLAINTIFF as he cried for help for his injuries and requested justification for his arrest.

89.   As a direct and proximate result of DEFENDANTS' conduct as alleged above, Mr. LODER was caused to multiple injuries, severe pain and suffering that required medical care and treatment.

90.   LOS ANGELES COUNTY is vicariously liable for DEFENDANTS DOES' 1-10 wrongful acts pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

91.   PLAINTIFF is informed and believes and thereon alleges that the DEFENDANTS' conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Mr. LODER, entitling Mr. LODER to an award of exemplary and punitive damages against all non-government entity defendants in an amount to be determined at time of trial.

92.   As a result of their conduct, DEFENDANTS are liable for Mr. LODER's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

93.     PLAINTIFF is seeking all damages allowed under this claim.

## SIXTH CAUSE OF ACTION

### NEGLIGENCE (GOV. CODE § 820 and CALIFORNIA COMMON LAW)
### (AGAINST ALL DEFENDANTS)

94.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

95.     The actions of DEFENDANT DOES 1 -10 toward Mr. LODER were negligent and reckless, including, but not limited to:

a.   The failure to properly and adequately assess the need to use excessive force against PLAINTIFF;

b.   The failure to monitor and record any use of force by the COUNTY OF LOS ANGELES, SHERIFF ALEX VILLANUEVA, including DEFENDANTS DOES 1-10;

c.   The failure to monitor and record any injuries specifically caused by the use of force by the COUNTY OF LOS ANGELES, SHERIFF ALEX VILLANUEVA, including DEFENDANTS DOES 1-10;

d.   The negligent tactics and handling of the situation with PLAINTIFF;

e.   The negligent use of force against PLAINTIFF including, but not limited to, wantonly and deliberately firing projectiles unprovoked that struck Mr. LODER's groin, leg, and abdominal region causing severe welts, bruises, and bloody urine and long-lasting physical injuries including, but not limited to, damage to internal organs including, but not limited to, spleen and/or kidney and mental and emotional distress, without any care from DEFENDANTS;

f.   The negligent use of force against PLAINTIFF including, but not limited to, wantonly and deliberately reckless driving with PLAINTIFF in the rear of the vehicle without a seatbelt that tossed Mr. LODER around the vehicle causing multiple and long-lasting physical injuries including, but not limited to, damage to internal organs including, but not limited to, spleen and/or kidney and mental and

21

*Loder v. County of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.:                                                                 Carmen D. Sabater, Esq.
                                                                          Evan Chavez, Esq.

1   emotional distress, without any care from DEFENDANTS

2   g.   The failure to properly train and supervise employees, both professional and non-

3   professional, including DEFENDANTS DOES 1-10;

4   h.   The failure to ensure that adequate numbers of employees with appropriate

5   education and training were available to meet the needs of and protect the rights of

6   Mr. LODER;

7   i.   The failure to provide prompt medical care to Mr. LODER; and

8   j.   The negligent handling of evidence and witnesses.

9   96.   As a direct and proximate result of DEFENDANTS' conduct as alleged above,

10   and other undiscovered negligent conduct, PLAINTIFF was caused to suffer severe pain and

11   suffering, both physically and emotionally.

12   97.   In addition, at the aforementioned date, time and place, DEFENDANTS

13   negligently, carelessly and without reasonable care, assaulted and violently battered PLAINTIFF.

14   98.   COUNTY OF LOS ANGELES is vicariously liable for the wrongful acts of

15   DEFENDANTS pursuant to § 815.2(a) of the California Government Code, which provides that

16   a public entity is liable for the injuries caused by its employees within the scope of the

17   employment if the employee's act would subject him or her to liability.

18   99.   The aforementioned acts and omissions of DEFENDANTS DOES 1-10 were

19   committed by them knowingly, willfully and maliciously, with the intent to harm, injure, vex,

20   harass and oppress PLAINTIFF, with conscious disregard to his known rights and deliberate

21   indifference to the risk of injury to PLAINTIFF.  By reason thereof, PLAINTIFF seeks punitive

22   and exemplary damages from DEFENDANTS, and each of them, (except DEFENDANT

23   COUNTY OF LOS ANGELES) in an amount as proved.

24   100.   DEFENDANTS COUNTY OF LOS ANGELES knew or reasonably should have

25   known that DEFENDANTS DOES 1-10 would engage in such a violent misconduct against

26   PLAINTIFF, during the course and scope of their employment, and that, as a direct and proximate

27   result of those violations, PLAINTIFF would suffer injuries as alleged herein.

28   101.   DEFENDANTS had the authority to supervise, prohibit, control, and/or regulate

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Loder v. County of Los Angeles, et al.*                                   V. James DeSimone, Esq.
Case No.: 2:21-cv-8015                                                     Carmen D. Sabater, Esq.
                                                                          Evan Chavez, Esq.

1  DEFENDANT officers so as to prevent these acts and omissions from occurring.

2       102.   DEFENDANTS failed to exercise due care by hiring, retaining and failing to

3  supervise, prohibit, control or regulate DEFENDANTS DOES 1-10.  As a direct and proximate

4  result of DFEENDANTS' negligent hiring, retention and supervision, control and regulation of

5  DEFENDANT deputies, Mr. LODER has suffered and continues to suffer injuries entitling him

6  to damages in amounts to be proven at trial.

7       103.   By the aforesaid acts and omissions of DEFENDANTS, and each of them, Mr.

8  LODER has been directly and legally caused to suffer actual damages including, but not limited

9  to**,** welts, bruises, internal organ damage, bloody urine, and extreme pain and suffering both

10  with regards to physical and mental suffering.

11       104.   As a further direct and legal result of the acts and conduct of DEFENDANTS,

12  and each of them, as aforesaid, Mr. LODER has been caused to and did suffer and continues to

13  suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock,

14  pain, discomfort, anxiety, psychological harm, organ damage, physical pain and suffering that

15  required medical care and treatment. The exact nature and extent of said injuries is presently

16  unknown to Mr. LODER. PLAINTIFF does not know at this time the exact duration or

17  permanence of said injuries but is informed and believes and thereon alleges that some, if not

18  all, of the injuries are reasonably certain to be permanent in character.

19       105.   As a result of their conduct, DEFENDANTS are liable for Mr. LODER's injuries,

20  either because they were integral participants in the assault and battery, or because they failed to

21  intervene to prevent these violations, or under the doctrine of *respondeat superior*.

22       106.   PLAINTIFF is informed and believes, and thereon alleges, that the

23  DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing

24  and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable

25  conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Mr.

26  LODER, thereby justifying the award of   exemplary damages and punitive damages against the

27  individual defendants in an amount to be determined at trial.

28       107.   PLAINTIFF is seeking all damages under this claim.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Loder v. County of Los Angeles, et al.*                V. James DeSimone, Esq.
Case No.: 2:21-cv-8015                           Carmen D. Sabater, Esq.
                                               Evan Chavez, Esq.

**SEVENTH CAUSE OF ACTION**

**INENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(AGAINST ALL DEFENDANTS)**

108.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

109.     DEFENDANTS DOES 1-10 conduct as described above was extreme and outrageous and was done with the intent of causing Mr. LODER to suffer emotional distress or with reckless disregard as to whether their conduct would cause him to suffer such distress.

110.     By the aforesaid acts and omissions of DEFENDANT deputies, and each of them, Mr. LODER has been directly and legally caused to suffer actual damages including, but not limited to, welts, bruises, organ damage, bloody urine, extreme pain and suffering both with regards to physical and mental suffering.

111.     As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, Mr. LODER has been caused to and did suffer and continues to suffer physical pain and injury, severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering that required medical care and treatment and the possibility of future medical care.  The exact nature and extent of said injuries is presently unknown to Mr. LODER.  PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes, and thereon alleges, that some, if not all, of the injuries are reasonably certain to be permanent in character.

112.     As a result of their conduct, DEFENDANTS are liable for Mr. LODER's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

113.     PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Mr. LODER, thereby justifying the award of  exemplary damages and punitive damages against the

24

1 | individual defendants in an amount to be determine at trial against individual DEFENDANTS.

2 | **EIGHTH CAUSE OF ACTION**

3 | **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

4 | **(AGAINST ALL DEFENDANTS)**

5 | 114.    The allegations set forth in this complaint are hereby re-alleged and incorporated
6 | by reference.

7 | 115.    In the alternative, DEFENDANTS DOES 1-10 conduct as described above was
8 | done in a careless or negligent manner, without consideration for the effect of such conduct upon
9 | Mr. LODER's' emotional well-being.

10 | 116.    By the aforesaid acts and omissions of DEFENDANT deputies, and each of them,
11 | Mr. LODER has been directly and legally caused to suffer actual damages including, but not
12 | limited to, welts, bruises, organ damage to spleen and/or kidney, bloody urine, extreme pain and
13 | suffering both with regards to physical and mental suffering.

14 | 117.    As a further direct and legal result of the acts and conduct of DEFENDANTS, and
15 | each of them, as aforesaid, Mr. LODER has been caused to and did suffer and continues to suffer
16 | physical pain and injury including, but not limited to, organ damage, severe emotional and mental
17 | distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical
18 | pain and suffering that required medical care and treatment.  The exact nature and extent of said
19 | injuries is presently unknown to Mr. LODER.  PLAINTIFF does not know at this time the exact
20 | duration or permanence of said injuries but is informed and believes, and thereon alleges, that
21 | some, if not all, of the injuries are reasonably certain to be permanent in character.

22 | 118.    As a result of their conduct, DEFENDANTS are liable for Mr. LODER's' injuries,
23 | either because they were integral participants in the assault and battery, or because they failed to
24 | intervene to prevent these violations, or under the doctrine of *respondeat superior*.

25 | 119.    PLAINTIFF is informed and believes, and thereon alleges, that the
26 | DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing
27 | and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable
28 | conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Mr.

25

1  LODER, thereby justifying the award of exemplary damages and punitive damages against the

2  individual defendants in an amount to be determine at trial.

3  ///

4  ///

5  ///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Loder v. County of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-cv-8015                                      Carmen D. Sabater, Esq.
                                                            Evan Chavez, Esq.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS COUNTY OF LOS ANGELES, SHERIFF ALEX VILLANUEVA, DOES 1-10, and each of them, as follows:

1. For general economic and non-economic damages according to proof;

2. For special damages according to proof;

3. For punitive damages where allowed by law;

4. For equitable relief;

5. For injunctive relief where applicable;

6. For prejudgment interest;

7. For costs of suit incurred herein;

8. For attorney's fees as allowed by law;

9. For civil penalties as allowed by law; and

10. For such other and further relief as this Court deems just and proper, and appropriate.


Date: October 7, 2021                    **V. JAMES DESIMONE LAW**


By: _____
V. JAMES DESIMONE, ESQ.
CARMEN SABATER, ESQ.
EVAN CHAVEZ, ESQ.


Attorneys for Plaintiff,
CHAD LODER

27

1

## DEMAND FOR JURY TRIAL

2      PLAINTIFF hereby demands a trial by jury.

3

4  Date: October 7, 2021                              **V. JAMES DESIMONE LAW**

5

6                                                     By: _____

7                                                     V. JAMES DESIMONE, ESQ.
                                                      CARMEN SABATER, ESQ.
8                                                     EVAN CHAVEZ, ESQ.

9

10                                                    Attorneys for Plaintiff,
                                                      CHAD LODER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28