1  V. James DeSimone (SBN: 119668)
   vjdesimone@gmail.com
2  Carmen D. Sabater (SBN: 303546)
   cds820@gmail.com
3  Emily C. Barbour (SBN 337185) – Of Counsel
   ebarbour@bohmlaw.com
4  **V. JAMES DESIMONE LAW**
5  13160 Mindanao Way, Suite 280
   Marina del Rey, California 90292
6  Telephone:  310.693.5561
   Facsimile:   323.544.6880
7
8  Attorneys for Plaintiff,
9  CHAD LODER

10
                    **UNITED STATES DISTRICT COURT**
11
                    **CENTRAL DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| 13  CHAD LODER, | Case No.: 2:21-cv-08015-DMG-PDx |
| 14       Plaintiff, | |
| 15  v. | Assigned to Honorable Dolly M. Gee, U.S. District Judge |
| 16 | |
| 17  COUNTY OF LOS ANGELES, a municipal entity; SHERIFF ALEX VILLANUEVA, in his individual and official capacity, SERGEANT BRYAN SIRKEL, in his individual and official capacity; DEPUTY ISIDORO ARELLANO, in his individual and official capacity; DEPUTY GARRET WERT, in his individual and official capacity, and DOES 1-10, | **NOTICE OF MOTION AND MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL** |
| 18 | |
| 19 | **Date: March 10, 2023** |
| 20 | **Time: 9:30 a.m.** |
| 21 | **Crtrm.: 8C** |
| 22 | |
| 23 | **Complaint Filed: October 7, 2021** |
| 24 | **Trial Date: November 14, 2023** |
| 25 | |
| 26 | |
| 27       Defendants. | |
| 28 | |

1

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on March 10, 2023 or as soon as the matter may be heard, in Courtroom 8C of the above-entitled Court, located at the United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Counsel for Plaintiff V. James DeSimone, Esq. and Carmen D. Sabater, Esq. of V. JAMES DESIMONE LAW, and Emily C. Barbour, Esq., of Bohm Law Group, Inc., will, and hereby do, move this Court for an Order Granting this Motion to Withdraw as Plaintiff's Counsel.

This motion is based upon the attached Memorandum of Points and Authorities, this Notice of Motion, the Declaration of Emily C. Barbour, Esq., and any other materials presented in support of this motion in accordance with Federal Rules of Civil Procedure, Central District Court of California Civil Local Rules and Standing Orders.

**V. JAMES DESIMONE LAW**

Date: February 8, 2023

By: _____
V. JAMES DESIMONE, ESQ.
CARMEN SABATER, ESQ.
EMILY C. BARBOUR, ESQ.

Attorneys for PLAINTIFF,
CHAD LODER

2

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL**

*Loder v. County of Los Angeles, et al.*   V. James DeSimone, Esq.
Case No.: 2:21-CV-08015-DMG (PDx)   Carmen D. Sabater, Esq.
   Emily C. Barbour, Esq.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND RELEVANT FACTS

Good cause exists to grant this motion to withdraw as counsel as there has been a breakdown of communication between Plaintiff and Counsel, making it unreasonably difficult for Counsel to carry out their work as attorneys effectively. Both federal law precedent and the California Rules of Professional Conduct permit withdrawal under the circumstances of this case. Accordingly, Plaintiff's counsel respectfully requests this Court grant Plaintiff's Motion to Withdraw and withdraw V. James DeSimone, Carmen Sabater, Emily C. Barbour, and all other attorneys affiliated with V. James DeSimone or Bohm Law Group as counsel and substitute Chad Loder *pro se*.

The action stems from three incidents in which Mr. Chad Loder was hit by less lethal munitions fired by Los Angeles County Sheriff's Department deputies on September 7, 2020, subjected to an unreasonable search and seizure by the Los Angeles County Sheriff's Department on September 9, 2020, and then arrested by Los Angeles County Sheriff's Department deputies and denied adequate medical care on September 9, 2020. (*See* Dkt. No. 1.) Plaintiff's counsel now seeks to withdraw as counsel due to a breakdown of communication between Plaintiff and counsel making it unreasonably difficult to carry out its representation of Plaintiff. Plaintiff has been nonresponsive to Plaintiff's inquiries since at least November 2022, thereby making it impossible to schedule his deposition or provide substantive responses to Defendant County's written discovery requests. (Barbour Dec. ¶¶ 5-10.) Throughout the litigation counsel has experienced repeated issues communicating with Plaintiff for extended periods of time. (Barbour Dec. ¶¶ 4, 12.) In order to protect attorney client communication, Counsel can provide further information in chambers on the breakdown of communication if the Court deems necessary. (Barbour Dec. ¶ 12.) Counsel notified Plaintiff of their intent to withdraw on Tuesday, January 24, 2023, in a letter sent both via email and via

3

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL**

*Loder v. County of Los Angeles, et al.*  V. James DeSimone, Esq.
Case No.: 2:21-CV-08015-DMG (PDx)  Carmen D. Sabater, Esq.
  Emily C. Barbour, Esq.

certified mail. (Barbour Dec. ¶ 11.) Plaintiff has not responded to date. (Barbour Dec. ¶ 11.) Prior to sending this letter, Plaintiff's counsel, including V. James DeSimone, reached out to Plaintiff in an effort to garner a response and participation in the litigation, but was unsuccessful. (Barbour Dec. ¶ 9.)

## II. LEGAL ARGUMENT

### A. Legal Standard

An attorney may not withdraw as counsel except by leave of court. *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D.Cal.1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Irwin v. Mascott*, 2004 U.S. Dist. LEXIS 28264 (N.D.Cal. December 1, 2004), *citing Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir.1982).

### B. Good Cause Exists to Grant the Motion to Withdraw as Counsel

The circumstances of this case permit withdraw. In ruling on a motion to withdraw as counsel, district courts generally consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Stewart v. Boeing Co.*, No. CV 12-05621 RSWL, 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013). Federal courts also often look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation. *Id.* California Rule of Professional Conduct 3-700(c)(1)(d) permits permissive withdrawal when the client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively." *Id.*

Here, all factors weight in favor of granting the motion. Counsel is seeking to withdraw due to a breakdown of communication making litigating this case as counsel impossible. (Barbour Dec. ¶¶ 3-12.) This is a permissible reason for withdrawal under the Rules of Professional Conduct. Defendants will not be prejudiced by the withdrawal. Counsel has been unable to schedule key events in

4

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL**
*Loder v. County of Los Angeles, et al.*                           V. James DeSimone, Esq.
Case No.: 2:21-CV-08015-DMG (PDx)                                  Carmen D. Sabater, Esq.
                                                                    Emily C. Barbour, Esq.

the case due to the breakdown of communication.  (Barbour Dec. ¶ 3.)  Defendants will have alternate means to move the case forward upon withdrawal of Plaintiff's counsel.  Similarly, the withdrawal will not cause harm to administration or justice or delay the resolution of the case. As it stands, Counsel is unable to move the case forward due to the breakdown of communication. Therefore, any delay would not be remedied by denying the motion.  Accordingly, Plaintiff respectfully requests this Court grant Plaintiff's counsel's motion to withdraw as counsel.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's counsel respectfully requests this Court grant Plaintiff's motion to withdraw as counsel.

**V. JAMES DESIMONE LAW**

Date: February 8, 2023            By: _____
                                  V. JAMES DESIMONE, ESQ.
                                  CARMEN SABATER, ESQ.
                                  EMILY C. BARBOUR, ESQ.

                                  Attorneys for PLAINTIFF,
                                  CHAD LODER

5

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL**
*Loder v. County of Los Angeles, et al.*                V. James DeSimone, Esq.
Case No.: 2:21-CV-08015-DMG (PDx)                       Carmen D. Sabater, Esq.
                                                        Emily C. Barbour, Esq.